Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-1819-16-I

| | |
|---|---|
| Sherie Esparza VS. Allstate Vehicle and Property Insurance Company | § § § § § |

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**
Date Filed: **04/21/2016**
Location: **398th District Court**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Allstate Vehicle and Property Insurance Company** | **ROGER D. HIGGINS** *Retained* 214-871-8256(W) |
| **Plaintiff** | **Esparza, Sherie** | **Jesse S. Corona** *Retained* 713-861-0015(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/21/2016 | **Original Petition (OCA)** *Plaintiff's Original Petition with Discovery* |
| 04/21/2016 | **Memorandum** *Civil Case Information Sheet* |
| 04/25/2016 | **Citation** *AYISHA SAID TO EMAIL TO: admin@thecoronalawfirm. ENV# 10280623* |

| | Served | 05/13/2016 |
|---|---|---|
| Allstate Vehicle and Property Insurance Company | Returned | 05/23/2016 |

| | |
|---|---|
| 04/25/2016 | **Service Issued** |
| 05/23/2016 | **Service Returned** *Return of Service* |
| 06/03/2016 | **Answer** *Defendant's Original Answer* |
| 06/07/2016 | **Motion** *Plaintiff's Unopposed Motion to Compel Mediation* |
| 06/07/2016 | **Order Filed** *Order on Plaintiff's Unopposed Motion to Compel Mediation* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Allstate Vehicle and Property Insurance Company** | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 06/10/2016** | | | **0.00** |
| 06/03/2016 | Transaction Assessment | | | 2.00 |
| 06/03/2016 | EFile Payments from TexFile | Receipt # DC-2016-043031 | Allstate Vehicle and Property Insurance Company | (2.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff Esparza, Sherie** | | | |
| | Total Financial Assessment | | | 346.00 |
| | Total Payments and Credits | | | 346.00 |
| | **Balance Due as of 06/10/2016** | | | **0.00** |
| 04/21/2016 | Transaction Assessment | | | 342.00 |
| 04/21/2016 | EFile Payments from TexFile | Receipt # DC-2016-031141 | Esparza, Sherie | (342.00) |
| 05/24/2016 | Transaction Assessment | | | 2.00 |
| 05/24/2016 | EFile Payments from TexFile | Receipt # DC-2016-040088 | Esparza, Sherie | (2.00) |
| 06/08/2016 | Transaction Assessment | | | 2.00 |
| 06/08/2016 | EFile Payments from TexFile | Receipt # DC-2016-044059 | Esparza, Sherie | (2.00) |



EXHIBIT
B

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## CAUSE NO. C-1819-16-I

| | | |
|---|---|---|
| **SHERIE ESPARZA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERIE ESPARZA ("Plaintiff"), and complains of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiff, SHERIE ESPARZA, is a resident of Hidalgo County, Texas.

2.2     Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, is a foreign company engaged in the business of insurance in this state. It may be served with process by serving its registered agent, CT Corporation System, by certified mail,

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever

it may be found.  Plaintiff requests citation be issued at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds

the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Hidalgo County, Texas, because all or a substantial part of the

events giving rise to the lawsuit occurred in this county, and the insured property that is the basis

of this lawsuit is located in Hidalgo County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant

that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It

was also done with the full authorization or ratification of Defendant or done in the normal routine,

course and scope of the agency or employment of Defendant or its agents, officers, servants,

employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have

occurred.

### VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number 829718789 issued

by ALLSTATE (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 3200

Yellowhammer Avenue, McAllen, Texas 78504 (the "Property").

---

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-1819-16-I**

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

6.4     On or about March 26, 2015, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

6.5     The Plaintiff timely submitted a claim to ALLSTATE. ALLSTATE assigned various adjusters to adjust the claim. However, ALLSTATE and and its agents were not diligent in investigating Plaintiff's loss. ALLSTATE failed to timely and accurately investigate the covered loss. ALLSTATE assigned claim number 0372391573 to Plaintiff's claim.

6.6     Ultimately, ALLSTATE, inspected Plaintiff's property after the storm. During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant ALLSTATE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ALLSTATE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to

---

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10    Defendant ALLSTATE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant ALLSTATE failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant ALLSTATE failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant ALLSTATE failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

6.15    Defendant ALLSTATE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.    Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code.  Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ALLSTATE misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ALLSTATE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code.  Tex. Ins. Code § 542.055.

6.18    Defendant ALLSTATE failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  On or about October 17, 2015 Plaintiff's counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about February 2, 2016, Plaintiff's counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter.  The letter informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations.  The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs.  Defendant made no attempt to respond to the Demand or settle the claim, satisfying the statutory requirement that Defendants either deny a

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

DTPA and Insurance Code Demand, or be allotted a sixty time period to attempt to resolve the claim before a petition is to be filed.

6.23    To date, Defendant ALLSTATE has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 – BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiff was the insured of the contract. Plaintiff fully performed her contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiff purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

c.      Defendant ALLSTATE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3    **COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner.  Defendant ALLSTATE violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition.  Defendant ALLSTATE is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendant ALLSTATE owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

7.4     **COUNT 3 – UNFAIR INSURANCE PRACTICES; VIOLATION OF
TEXAS INSURANCE CODE § 541, ET SEQ.**

a.      As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By its acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

i.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

ii.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

iv.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

vi.      Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law; and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant ALLSTATE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

d.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5     **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.      Plaintiff is a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

b.   By its acts, omissions, failures, and conduct that are described in this petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

i.   Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.   As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

iii.   As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.   As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-1819-16-I**

v.     Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.     Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii.     Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.     Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c.     All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

### 7.6 COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

a. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiff's damages.

### 7.7 COUNT 6 – MISREPRESENTATION

a. Defendant ALLSTATE is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ALLSTATE did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ALLSTATE is liable for these actual consequential and penalty-based damages.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney fees.  The Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff SHERIE ESPARZA prays that Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

CIVIL CASE INFORMATION SHEET (REV. 2/13)

Electronically Filed
4/21/2016 3:44:48 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NUMBER *(FOR CLERK USE ONLY):* **C-1819-16-I**

COURT *(FOR CLERK USE ONLY):*

STYLED Sherie Esparza vs. Allstate Vehicle and Property Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Jesse S. Corona<br><br>Email: jesse@thecoronalawfirm.com admin@thecoronalawfirm.com<br><br>Address: 521 N. Sam Houston Pkwy E, Ste. 420<br><br>Telephone: (281) 882-3531<br><br>City/State/Zip: Houston, Texas 77060<br><br>Fax: (713) 678-0613<br><br>Signature:<br><br>State Bar No: 24082184 | Plaintiff(s)/Petitioner(s): Sherie Esparza<br><br><br>Defendant(s)/Respondent(s): Allstate Vehicle and Property Insurance Company<br><br>[Attach additional page as necessary to list all parties] | ☑Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal<br>  ☐Medical<br>  ☐Other Professional<br>    Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>    List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐Dependent Administration<br>  ☐Independent Administration<br>  ☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

C-1819-16-I
### 398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201-3136**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Aida Salinas Flores, 398th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of April, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1819-16-I, **SHERIE ESPARZA VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

Said Petition was filed in said court by JESSE S. CORONA,521 N. SAM HOUSTON PKWY E, STE. 420 HOUSTON, TEXAS 77060.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**HEATHER RIOJAS, DEPUTY CLERK**

## C-1819-16-I
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-1819-16-I

**398TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

Electronically Filed
5/23/2016 4:31:28 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT:**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201-3136**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Aida Salinas Flores, 398th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of April, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1819-16-I, **SHERIE ESPARZA VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

Said Petition was filed in said court by JESSE S. CORONA,521 N. SAM HOUSTON PKWY E, STE. 420 HOUSTON, TEXAS 77060.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of April, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**HEATHER RIOJAS, DEPUTY CLERK**

Electronically Filed
5/23/2016 4:31:28 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

C-1819-16-I
## OFFICER'S RETURN

Came to hand on __9__ of __MAY__, 201_6_ at _110_ o'clock _P_.m. and executed in __DALLAS__ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the __PLAINTIFF'S ORIGINAL PETITION__ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY C/O CT CORPORATION SYSTEM | 5/13/16 | 9:42 AM | 1999 BRYAN STREET, STE. 900 DALLAS, TEXAS 75201-3136 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $ __85.00__
       miles ...................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __JOHNNY R. BLACK__, my date of birth is __3/12/59__ and the address is __8128 SPRING CYPRESS SPRING, TEXAS 77379__, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in __DALLAS__ County, State of Texas, on the __13__ day of __MAY__, 201_6_.

_Johnny R. Black_
**Declarant"**

__SCH 209    1/31/19__
_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
5/23/2016 4:31:28 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Vehicle and Property
Insurance Company
Corporation Service Company
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Chris Wells

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

MAY 13 2016

9590 9402 1285 5246 4983 56

2. Article Number (Transfer from service label)

7015 1730 0001 7183 5038

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Electronically Filed
6/3/2016 1:00:42 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

CAUSE NO. C-1819-16-I

| | | |
|---|---|---|
| SHERIE ESPARZA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | 398th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegation contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Electronically Filed
6/3/2016 1:00:42 PM
Hidalgo County District Clerks
Reviewed By: Heather Riojas

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
John B. Reyna
State Bar No. 24098318
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
jreyna@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on June 3, 2016:

Jesse S. Corona
Corona Law Offices, P.C.
521 North Sam Houston Pkwy E, Ste 420
Houston, Texas 77060
Office: (281) 882-3531
Facsimile: (713) 678-0613
jesse@thecoronalawfirm.com

**ATTORNEY FOR PLAINTIFFS**

*/s/ John B. Reyna*
John B. Reyna

Electronically Filed
6/7/2016 3:00:50 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## CAUSE NO. C-1819-16-I

| | | |
|---|---|---|
| **SHERIE ESPARZA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **398th JUDICIAL DISTRICT** |

## PLAINTIFF'S UNOPPOSED MOTION TO COMPEL MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff SHERIE ESPARZA, and moves this Honorable Court to compel mediation in accordance with Section 541.161 of the Texas Insurance Code, and Section 17.5051 of the Texas Business and Commerce Code. In support of this motion, Plaintiff would respectfully show this Court as follows:

### I.      BACKGROUND

1.      Plaintiff SHERIE ESPARZA filed her Original Petition in Hidalgo County District Court on April 21, 2016. Plaintiff's Original Petition sought relief under both Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code, among others.

2.      Citation and Petition were served on Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ("ALLSTATE") on May 13, 2016. Defendant filed its Original Answer on June 3, 2016.

---

Electronically Filed
6/7/2016 3:00:50 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## II.   ARGUMENT AND AUTHORITIES

3.      Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code contain nearly identical language regarding compelling mediation.  Under both sections, a party may, not later than the 90th day after the date a pleading seeking relief under this subchapter is served, file a motion to compel mediation of the dispute.

4.      Under both sections, the court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

5.      Under both sections, the mediation must be held not later than the 30th day after the date the order is signed, unless, the parties agree otherwise, or the court determines that additional time not to exceed 30 days is warranted.

6.      Under both sections, the court shall appoint a mediator if the parties do not agree on a mediator.

7.      Under both sections, each party who has appeared in the action, except as agreed to by all parties who have appeared, shall participate in the mediation and share the mediation fee, unless the amount of actual damages claimed is less than $15,000.  If the amount of actual damages is less than $15,000, then a party may not compel mediation under unless the party seeking to compel mediation agrees to pay the costs of the mediation.

## III.   APPLICATION

8.      This motion is brought within 90 days after a pleading seeking relief under either Section 541.161 of the Texas Insurance Code or Section 17.5051 of the Texas Business and Commerce Code was served.

9.      Plaintiff believes the parties can agree on a mediator.  If not, Plaintiff asks that one is appointed by the Court.

---

Electronically Filed
6/7/2016 3:00:50 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

10.    The amount of actual damages is more than $15,000, so both Defendant and Plaintiff shall participate in the mediation and share the mediation fee.

### IV.    CONCLUSION

11.    Plaintiff's motion is timely, and satisfies the requirements of both Section 541.161 of the Texas Insurance Code and Section 17.5051 of the Texas Business and Commerce Code to compel mediation.

### V.    PRAYER

12.    WHEREFORE, PREMISES CONSIDERED, Plaintiff SHERIE ESPARZA respectfully prays this Court compel mediation of this dispute in accordance with Section 541.161 of the Texas Insurance Code, and Section 17.5051 of the Texas Business and Commerce Code, within 30 days of the filing of this motion, and grant her any such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ Jesse S. Corona

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Telephone: 281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

Electronically Filed
6/7/2016 3:00:50 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## CERTIFICATE OF CONFERENCE

I hereby certify that: I complied with the conference requirement.  On June 7, 2016, I conferred with opposing counsel on the merits of the issues contained in this motion, and opposing counsel has indicated that the motion is <u>unopposed.</u>

By: _/s/ Jesse S. Corona_____
Jesse S. Corona

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2016, a true and correct copy of the foregoing was served on all counsel of record, via the below methods, as follows:

**Roger D. Higgins**
Thompson, Coe, Cousins & Irons, LLP
Plaza of Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
rhiggins@thompsoncoe.com
***Via Electronic Service***

**John Reyna**
Thompson, Coe, Cousins & Irons, LLP
Plaza of Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8218
Facsimile: (214) 871-8209
jreyna@thompsoncoe.com
***Via Electronic Service***

By: _/s/ Jesse S. Corona_____
Jesse S. Corona

---

PLAINTIFF'S MOTION TO COMPEL MEDIATION                    Page -4-

Electronically Filed
6/7/2016 3:00:50 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

CAUSE NO. <u>C-1819-16-I</u>

| | | |
|---|---|---|
| **SHERIE ESPARZA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **398th JUDICIAL DISTRICT** |

## <u>ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO COMPEL MEDIATION</u>

On this date, Plaintiff SHERIE ESPARZA's Unopposed Motion to Compel Mediation was presented to this Court for consideration, and the Court having considered the same, is of the opinion that such motion should in all things be GRANTED. Therefore, it is

ORDERED, ADJUDGED, AND DECREED that mediation of this dispute is compelled to take place by the _____ day of _____, 2016.  Further, it is

ORDERED, ADJUDGED, AND DECREED that if the parties are unable to agree on a mediator, then _____ is appointed as the mediator.

SIGNED on this _____ day of _____, 2016.


_____
PRESIDING JUDGE